Stacy Tolchin (CA SBN #217431)
Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com

Emily Robinson
Law Office of Emily Robinson
5012 Eagle Rock Blvd
Los Angeles, CA 90041
Telephone: 323-524-7611
Email: eldrobinson@gmail.com

Counsel for Petitioner

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jorge ARRAZOLA-GONZALEZ;<br><br>  Petitioner,<br><br>  v.<br><br>Kristi NOEM, Secretary, Department of Homeland Security; Pam BONDI, Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; Todd LYONS, Executive Associate Director of ICE Enforcement and Removal Operations (ERO); and David A. MARIN, Adelanto Immigration and Customs Enforcement Field Office Director.<br><br>  Respondents. | Civil Case No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

# INTRODUCTION

1. Petitioner Jorge Arrazola-Gonzalez has been residing in the United States since 1997 and was apprehended by immigration authorities on June 7, 2025 in Los Angeles, California in a widescale immigration enforcement action.

2. He is currently detained at the Adelanto detention center by immigration authorities and is the subject of a pending removal hearing.

3. Petitioner is charged with having entered the United States without inspection and being present without valid immigration documents. 8 U.S.C. § 1182(a)(6)(A)(i), § 1182(a)(7)(A)(i).

4. Petitioner was denied release by the Department of Homeland Security (DHS) and sought a bond redetermination hearing before an immigration judge. On July 11, 2025, he was denied the opportunity for a bond redetermination hearing because the immigration judge held that he lacked jurisdiction over the bond hearing based on new agency policy that all persons who entered without inspection are deemed applicants for admission to the United States and are ineligible for bond redetermination hearings based on the immigration statute, 8 U.S.C. § 1225(b)(2)(A).

5. Section 1225(b)(2)(A) states that an applicant for admission seeking admission shall be detained for a removal proceeding. It is the position of the Executive Office for Immigration Review (EOIR), which houses both the BIA and immigration judges, that 8 U.S.C. § 1225(b)(2)(A) applies to *all* individuals who arrived in the United States without documents, regardless of how long they have lived in the United States and regardless of how far they were apprehended from the border.

6. However, § 1225(b)(2)(A) does not apply to individuals, like Petitioner, who are present in the United States. Instead, such individuals are subject to detention under a different statute, § 1226(a), and eligible for release on bond.

7. Nevertheless, earlier this month, ICE released a memorandum instructing its attorneys to coordinate with the Department of Justice, the agency housing EOIR, to reject

bond redetermination hearings for applicants who arrived in the United States without documents.[1]

8. EOIR has already applied this reasoning in a May 22, 2025 BIA decision, finding that a noncitizen who had been residing in the United States for almost ten years and had entered into the United States without documents was ineligible for bond.

9. Further, despite a legal ruling in *Rodriguez v. Bostock,* 2025 WL 1193850 (W.D. Wa. Apr. 24, 2025), rejecting this position, Respondents continue to maintain that noncitizens who entered the United States without inspection are not eligible for bond redetermination hearings, because they are applicants for admission within the meaning of 8 U.S.C. § 1225(b)(2)(A).

10. This reading is a violation of the statute and due process.

11. As such, Petitioner seeks an order of declaratory and injunctive relief and set aside relief under the Administrative Procedure Act requiring that he be provided a bond redetermination hearing before the immigration judge.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. § 2241 (federal habeas statute); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201-2 (declaratory judgment); United States Constitution Article I, Section 9 (Suspension Clause).

13. Venue properly lies within the Central District of California under 28 U.S.C. § 1391, because this is a civil action in which Respondents are agencies of the United States, Petitioner is detained in this District, and a substantial part of the events or omissions giving rise to this action occurred in the District.

---

[1] "ICE Says Many In Immigration Detention No Longer Qualify For Bond Hearings," *CBS News* (Jul. 15, 2025) https://www.cbsnews.com/news/ice-immigration-detention-bond-hearings/ ; "ICE declares millions of undocumented immigrants ineligible for bond hearings," *The Washington Post* (Jul. 15, 2025) https://www.washingtonpost.com/immigration/2025/07/14/ice-trump-undocumented-immigrants-bond-hearings/

# PARTIES

14. Petitioner Arrazola-Gonzalez resides in Los Angeles, California and is currently detained at the Adelanto immigration detention center.

15. Respondent Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), and is sued in her official capacity. The Secretary of Homeland Security is charged with the administration and enforcement of immigration laws. 8 U.S.C. § 1103(a).

16. Respondent Pam Bondi is the Attorney General of the United States and is sued in her official capacity as the head of the Department of Justice. The Attorney General is responsible for the fair administration of the laws of the United States.

17. Respondent Executive Office for Immigration Review is a component agency of the Department of Justice responsible for conducting removal and bond hearings of noncitizens. EOIR is comprised of a lower adjudicatory body administered by immigration judges and an appellate body known as the Board of Immigration Appeal (BIA). Immigration judges issue bond redetermination hearing decisions, which are then subject to appeal to the BIA.

18. Respondent Todd Lyons is the Acting Director of U.S. Immigration and Customs Enforcement (ICE) and is sued in his official capacity. ICE is responsible for the detention of Petitioner.

19. Respondent David A. Marin is the Immigration and Customs Enforcement Field Office Director at the ICE Adelanto immigration detention facility and is sued in his official capacity. Respondent Marin is responsible for the detention of Petitioner.

# LEGAL BACKGROUND

20. The Immigration and Nationality Act (INA) prescribes three basic forms of detention for noncitizens in removal proceedings.

21. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard non-expedited removal proceedings before an immigration judge (IJ). *See* 8 U.S.C. §

1229a. Individuals in § 1226(a) detention are entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, *see* 8 U.S.C. § 1226(c).

22. Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under § 1225(b)(2).

23. Last, the Act also provides for detention of noncitizens who have been previously ordered removed, including individuals in withholding-only proceedings, *see* 8 U.S.C. § 1231(a)–(b).

24. This case concerns the detention provisions at §§ 1226(a) and 1225(b)(2).

25. The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226(a) was most recently amended earlier this year by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

26. Following enactment of the IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without inspection were not considered detained under § 1225 and that they were instead detained under § 1226(a). *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

27. Thus, in the decades that followed, most people who entered without inspection—unless they were subject to some other detention authority—received bond hearings. That practice was consistent with many more decades of prior practice, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. *See* 8 U.S.C. § 1252(a) (1994); *see also* H.R. Rep.

1  No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention
2  authority previously found at § 1252(a)).
3      28.   Respondents' new policy turns this well-established understanding on its
4  heads and violates the statutory scheme.
5      29.   Indeed, this legal theory that noncitizens who entered the United States
6  without admission or parole are ineligible for bond hearings was already rejected by a
7  District Court in the Western District of Washington, finding that such individuals are
8  entitled to bond redetermination hearings before immigration judges, and rejecting the
9  application of § 1225(b)(2) to such cases. *Rodriguez v. Bostock*, No. 3:25-CV-05240-
10 TMC, 2025 WL 1193850, at *12 (W.D. Wash. Apr. 24, 2025).
11     30.   Despite this finding from a federal court, in July 2025, ICE released a
12 memorandum instructing its attorneys to coordinate with the Department of Justice, the
13 agency housing EOIR, to reject bond redetermination hearings for applicants who arrived
14 in the United States without documents.
15     31.   A May 22, 2025 unpublished BIA decision confirms that EOIR is taking this
16 same position that noncitizens who entered the United States without admission or parole
17 are ineligible for immigration judge bond hearings.
18     32.   This is now a widespread position applying across the United States.
19     33.   This interpretation defies the INA. The plain text of the statutory provisions
20 demonstrates that § 1226(a), not § 1225(b), applies to people like Petitioner.
21     34.   Section 1226(a) applies by default to all persons "pending a decision on
22 whether the [noncitizen] is to be removed from the United States." These removal
23 hearings are held under § 1229a, which "decid[e] the inadmissibility or deportability of
24 a[] [noncitizen]."
25     35.   The text of § 1226 also explicitly applies to people charged as being
26 inadmissible, including those who entered without inspection. *See* 8 U.S.C. §
27 1226(c)(1)(E). Subparagraph (E)'s reference to such people makes clear that, by default,
28 such people are afforded a bond hearing under subsection (a). Section 1226 therefore

leaves no doubt that it applies to people who face charges of being inadmissible to the United States, including those who are present without admission or parole.

36. By contrast, § 1225(b) applies to people arriving at U.S. ports of entry or who recently entered the United States. The statute's entire framework is premised on inspections at the border of people who are "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A).

37. Accordingly, the mandatory detention provision of § 1225(b)(2) does not apply to people like Petitioner who are alleged to have entered the United States without admission or parole.

## FACTS

38. Petitioner has resided in the United States since 1997 and lives in Los Angeles, California.

39. On June 6, 2025, he was arrested by immigration authorities as part of a widescale immigration enforcement action in Los Angeles.

40. He was placed into removal proceedings to appear before an IJ, and was charged with having entered the United States without inspection and being present without valid immigration documents. 8 U.S.C. § 1182(a)(6)(A)(i), § 1182(a)(7)(A)(i).

41. ICE denied Petitioner's request for release, and he requested a bond redetermination hearing before an immigration judge.

42. Petitioner has four United States citizen children, one of whom is disabled, and no criminal history. He is the sole financial provider for his family, has steady employment, attends church regularly, and is an active volunteer in his community. He is neither a danger to others nor a flight risk.

43. On July 11, 2025, an Adelanto IJ issued a decision that he lacked jurisdiction to conduct a bond redetermination hearing because Petitioner was an applicant for admission.

44. Any appeal to the Board of Immigration Appeals is futile.

# CAUSES OF ACTION

## COUNT I

### Violation of 8 U.S.C. § 1226(a)

*Unlawful Denial of Bond Hearing*

45. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

46. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to noncitizens residing in the United States who are subject to the grounds of inadmissibility because they previously entered the country without being admitted or paroled. Such noncitizens are detained under § 1226(a), unless they are subject to another detention provision, such as § 1225(b)(1), § 1226(c), or § 1231.

47. The application of § 1225(b)(2) to bar Petitioner from receiving a bond redetermination hearing before an immigration judge violates the Immigration and Nationality Act.

## COUNT II

### Violation of the Administrative Procedure Act

*Unlawful Denial of Bond*

48. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

49. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to noncitizens residing in the United States who are subject to the grounds of inadmissibility because they originally entered the United States without inspection or parole. Such noncitizens are detained under § 1226(a), unless they are subject to another detention provision, such as § 1225(b)(1), § 1226(c) or § 1231.

50. The application of § 1225(b)(2) to bar Petitioner from receiving a bond redetermination hearing before an immigration judge is arbitrary, capricious, and not in accordance with law, and as such, it violates the APA. See 5 U.S.C. § 706(2).

# COUNT III

## *Violation of Procedural Due Process*

51. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

52. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

53. Petitioner has a fundamental interest in liberty and being free from official restraint.

54. The government's detention of Petitioner without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;
b. Declare that the refusal to allow Petitioner a bond redetermination hearing before an immigration judge violates the INA, APA, and Due Process;
c. Issue a writ of habeas corpus requiring that Defendants release him or provide the bond hearing to which he is entitled within 14 days;
d. Set aside Respondents' unlawful detention policy under the APA, 5 U.S.C. § 706(2);
e. Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and
f. Order further relief as this Court deems just and appropriate.

Dated: July 15, 2025

Respectfully Submitted,

<u>S/Stacy Tolchin</u>
Stacy Tolchin (CA SBN #217431)
Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email:
Stacy@Tolchinimmigration.com


Emily Robinson
Law Office of Emily Robinson
5012 Eagle Rock Blvd
Los Angeles, CA 90041
Telephone: 323-524-7611
Email: eldrobinson@gmail.com

Counsel for Petitioner